### STATE v. PERRY.

JURORS—JURY COMMISSIONER.—THE RELATIONSHIP of a jury commissioner to a party which would invalidate the 'finding of a grand jury must be such as would reasonably lead to the presumption that the commissioner would be thereby affected in such manner as to impair the proper discharge of his duties, and that fact must be determined by the trial Judge in the exercise of a sound discretion.

Before PRINCE, J., Saluda, March, 1905.   Reversed.

Indictment against John C. Perry.   From order quashing indictment, State appeals.

*Solicitor R. A. Cooper* and *Messrs. J. Wm. Thurmond* and *C. J. Ramage,* for appellant, cite: 34 S. C., 34; 31 S. C., 257; 5 S. C., 429; Code, 1902, 2944; 12 Ency., 1 ed., 357, 346.

*Mr. Eugene Able, contra* (oral argument).

January 26, 1906.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order quashing an indictment against the defendant, charging him with the murder of Joe Denny Wills, on the ground that H. B. White, treasurer of Saluda County, and *ex officio* one of the jury commissioners, and who assisted in listing and

drawing the grand jury that found said indictment, was related to the deceased by affinity, in that H. B. White married a first cousin by blood to said Joe Denny Wills. The reason assigned by his Honor, the presiding Judge, was that the relationship was in the sixth degree by affinity.

In the State v. McQuaige, 5 S. C., 429, the prisoner challenged the array of jurors on the ground that the jury commissioner was a first cousin of the deceased, and that he assisted in drawing the jury. The challenge was overruled, and on appeal the ruling of the Circuit Judge was reversed. In that case, the Court failed to state what degree of relationship would disqualify a jury commissioner. There is no statute in this State, nor have we been able to find any rule of common law, determining this question.

In the case of State v. McNinch, 12 S. C., 89, a motion was made to quash the indictment on the ground that the jury commissioner who took part in drawing the jury was the husband of a cousin of the deceased in the fourth or fifth degree. The motion was overruled, and on appeal the Supreme Court said, at page 94: "There is no consanguinity between the jury commissioner and the deceased, and the degree of affinity shown is remote—too remote to be, of itself, evidence of bias or prejudice against the person charged. The case of State v. McQuaige, 5 S. C., 429, was decided upon the ground that the jury commissioner was a near blood relation—first cousin of the deceased. It is unnecessary, perhaps impossible, to draw an absolute line to mark what degree of relationship or affinity must control in such cases; but it is sufficient here to say there is no relationship by blood, and no evidence of such affinity as, of itself, would reasonably lead to the presumption that the jury commissioner would thereby be affected in such a manner as to impair the proper discharge of his duties."

The correct rule is that the consanguinity or affinity must be such as "would reasonably lead to the presumption that the jury commissioner would thereby be affected in such manner as to impair the proper discharge of his duties," and

this fact must be determined by the presiding Judge in the exercise of a sound discretion. It would tend to retard the trial of cases very much to adopt any other rule.

In the case under consideration, it seems that the Circuit Judge quashed the indictment on the ground that the parties were related by affinity within the sixth degree, and that he was without power to exercise his discretion. In this there was error.

It is the judgment of this Court, that the order of the Circuit Court be reversed.