### 7942

### STATE v. SMITH.

QUASHING INDICTMENT.—A trial Judge may quash an indictment on account of relationship between a jury commissioner and a prosecutor. In so doing he should exercise a reasonable discretion and may consider other things than relationship.

Before PRINCE, J., Lee, Fall term, 1910.    Affirmed.

Indictment against Lena Smith.   The State appeals.

*Solicitor P. H. Stoll,* for appellant, cites: 73 S. C., 199; 20 Cyc. 1301; 56 S. C. 382.

*Messrs. M. L. Smith* and *Thos. H. Tatum,* contra.   *Mr. Smith,* oral argument.

July 5, 1911.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This appeal is from an order of Judge Prince quashing an indictment for assault and battery with intent to kill, on the ground that L. A. Moore, clerk of the Court of Common Pleas and General Sessions

for Lee county, and *ex officio* one of the jury commissioners who had drawn the grand jury presenting the indictment, was an uncle of the wife of the prosecutor.

The Circuit Judge thus clearly expressed that it was in the exercise of his discretion that he quashed the indictment because of the relationship of the clerk to the prosecutor. "I have held in this case what I meant to hold in the case of *The State* v. *Perry* and *The State* v. *Henderson.* It seems that I did not make myself clear in those cases. I thought, in the exercise of my discretion, that a man within the sixth degree was too close to participate in the drawing of the jury. That is what I intended to hold, and I am still of the opinion, and I am certain that a man within the third degree is too close kin. I think that we must not only deal fairly with alleged criminals before the Courts, but we must appear to deal fairly with them, so that the public will not get an erroneous idea that there was any unfairness committed towards the parties."

After a review of the cases Mr. Justice Gary, for the Court, thus states the rule in *State* v. *Perry,* 73 S. C. 199, 53 S. E. 169 : "The correct rule is that the consanguinity or affinity must be such as would reasonably lead to the presumption that the jury commissioner would thereby be affected in such manner as to impair the proper discharge of his duties, and this fact must be determined by the presiding Judge in the exercise of a sound discretion. It would tend to retard the trial of cases very much to adopt any other rule."

It may be well to remark that the trial Judge in exercising his discretion is not restricted to the consideration of the degree of relationship only. The Court may inquire whether the case had arisen and whether the officer knew of its pendency when the jury was drawn. These and other pertinent inquiries, in addition to the fact of relationship, may well enter into the exercise of the discretion of the Court. The trial Judge in this instance having exercised

a reasonable discretion in quashing the indictment, this
Court cannot interfere.

The judgment of this Court is that the judgment of the
Circuit Court be affirmed.