## 10162

### STATE v. ROBINSON.

(98 S. E. 329.)

JURY— DISQUALIFICATIONS— RELATIONSHIP— "ABUSE OF DISCRETION."—It was an abuse of discretion to retain a juror, in a prosecution for forgery of a tax receipt for State and county taxes, who was the nephew of the county treasurer, who had signed the warrant of arrest and upon whose testimony conviction largely rested; "abuse of discretion" being, not a term of reproach, but simply meaning manifest error.

Before Peurifoy, J., Jasper, Summer term, 1918. Reversed.

W. J. Robinson was convicted for forgery, and he appeals.

*Mr. J. W. Vincent,* for appellant, submits: *Standing aside a juror, even for insufficient cause, is discretionary with trial Judge:* 84 S. E. 308; 71 S. E. 966.

*Mr. Solicitor George Warren,* for State, respondent.

February 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The facts are stated in the case, and, as it is short, the entire case is quoted.

"The defendant was tried and convicted of forgery by a jury on July 8, 1918, at Ridgeland, S. C.; the specific charge being the forgery of a tax receipt of State and county taxes.

"The jury were put on their *voir dire.* J. A. Nettles was called and examined as a venireman by the Court as to his relationship, and he stated, among other things, that he was related to J. S. Berg, the county treasurer and a witness for the State, who signed the warrant for the arrest of defendant, and on whose testimony the conviction largely rested; the relationship being nephew. The defendant asked that he be excused by the Court for this cause, but the presiding Judge refused to do this, and the defendant used one of his peremptory challenges to reject this juror, which peremptory

NOTE.—As to review of discretion in ruling on impartiality of jurors, see 3 A. L. R. 1201.

challenges were exhausted before the jury was completed, and the defendant contends that the last three jurors were particularly objectionable to him.

"The defendant, upon conviction, was sentenced by the Court to pay a fine of $1 and serve upon the public works for a period of one year.

"The defendant served notice of intention to appeal to this Court and was released under bond.

"Exception: (1) His Honor erred and abused his discretion in not causing the juror, J. A. Nettles, to stand aside on motion of defendant, it appearing that he was a nephew of the chief prosecutor; it being submitted that the defendant should not have been required to exhaust one of his peremptory challenges to dismiss this juror, in view of the close relationship of the juror to the chief prosecuting witness."

In the case of *State v. Malloy*, 91 S. C. 429, 74 S. E. 988, it was held that it was sufficient to quash an indictment found by a grand jury that one of the jury commissioners was the father of one of the boys for whose killing the defendant was indicted; that the grand jury so drawn could not even bring in an indictment for the killing of the boy who was not related to the prosecuting witness, both being killed at the same time. It is true that the fitness of a juror is within the discretion of the trial Judge, yet abuse of discretion is not a term of reproach, but simply means manifest error.

We think it was manifest error to require the appellant to go to trial with a juror who was so closely related to the prosecuting witness, and that prosecuting witness "on whose testimony the conviction largely rested."

It is also true that this juror did not sit in the case, but, to exclude him, it required the defendant to exhaust his challenges and have his case heard by another objectionable juror.

The judgment is reversed, and a new trial ordered.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.