12530

STATE v. RICHARDSON *ET AL.*

(146 S. E., 676)

*Messrs. Heyward Jenkins,* and *Brown & Bush,* for appellants,

*Solicitor Randolph Murdaugh,* for respondent,

*Messrs. George Warren* and *George Buist,* also for respondent.

November 23, 1928.

The opinion of the Court was delivered by Mr. Justice Cothran.

The Beaufort Bank closed its doors July 12, 1926. The defendant W. E. Richardson was its president, and the defendant W. P. Jay was its cashier. At the March term of Court for Beaufort County, in 1927, a number of bills of indictment were presented by the solicitor, in which these defendants were charged with breach of trust, violation of the state banking laws, and conspiracy between themselves and with others to cheat and defraud the depositors and stockholders of said Beaufort Bank. All of said indictments grew out of the failure of this bank. The board of jury commissioners at the time was composed of E. B. Rogers, Clerk of Court; J. C. Black, Auditor; and Gus Sanders, Treasurer. All three of these gentlemen were depositors, both personally and officially, of said Beaufort Bank, and lost money by reason of its failure.

At the suggestion of the solicitor, and before the grand jury acted upon the bill of indictment, his Honor, Judge

Shipp, presiding Judge at the March term, passed an order excusing from the panel of grand jurors, by name, eight of the jurors, upon the ground that they were either depositors or stockholders in the Beaufort Bank, and directed the jury commissioners to supply the deficiency out of the five-mile box, which was done. The indictment in the case at bar was then handed to the grand jury as reconstituted, and they returned a true bill thereupon.

It appears that the case was continued at the March term, and no proceedings were had in it until the December term. At that term, presided over by his Honor, Judge DeVore (in Beaufort County), the defendants made a motion for a change of venue upon the ground that they could not obtain a fair and impartial trial in Beaufort County. Upon consideration of that motion, his Honor, Judge DeVore, passed an order transferring the case to Jasper County for trial. No objection up to this time had been interposed to the legality of the indictment upon the grounds later advanced.

When the case was called for trial at the February term, 1928, in Jasper County, his Honor, Judge Bonham, presiding, a motion was made to quash the indictment upon the ground that the grand jury which found the indictment was drawn by a board of jury commissioners all of whom were depositors and creditors of the Beaufort Bank. The trial Judge overruled the motion. The defendants were thereupon tried upon the indictment set out in the transcript, and found guilty, and sentenced each to serve 12 months' imprisonment or pay a fine of $500. From the judgment and sentences, the defendants have appealed, upon the sole ground of error in the refusal of their motion to quash the indictment upon the ground stated above.

There can be no doubt as to the proposition that in a criminal prosecution the defendant is entitled to the absolute impartiality of not only the grand jurors who pass upon the indictment, but of the commissioners who are charged with the duty of drawing them.

In this case it appears that all of the commissioners were directly interested as depositors and creditors of the banking institution which the defendants are charged with wrecking, and it would not be unnatural that they would entertain antipathy against the authors of their misfortunes. The cases in this State disclose with what vigilance the Court has guarded the interests of the defendant in this respect. *State v. McQuaige*, 5 S. C., 429; *State v. Perry*, 73 S. C., 199, 53 S. E., 169; *State v. Smith*, 89 S. C., 158, 71 S. E., 830; *State v. Malloy*, 91 S. C., 429, 74 S. E., 988; *City of Abbeville v. Gooseby*, 93 S. C., 370, 76 S. E., 977; *State v. Robinson*, 111 S. C., 467, 98 S. E., 329.

The fact that the Court purged the grand jury, before the indictment was handed out, of all jurors who were depositors, purged it as to the jurors; but it did not reach back to the jury commissioners, whose disqualification is apparent. It did not remove the possibility that their legal partiality may have influenced them in the drawing of the jury.

The difficulty, however, which confronts the defendants, and which we consider insurmountable, is that their objection comes too late. The statute (Section 34 of the Code of Civil Procedure), provides: "No change of venue shall be granted in such cases until a true bill has been found by a grand jury."

The irregularity complained of is not jurisdictional. It appears to us that, by making the motion for a change of venue, which could only be made under the conditions named, the defendants have recognized the fact, or are estopped from denying, that a true bill, a valid bill, had been returned. Their time to object was when the bill was returned, and their failure to object then was a waiver of the irregularity complained of. Section 90 of the Code of Criminal Procedure applies only to instances wherein the defect in the indictment appears upon its face.

In 1 Bishop, Cr. Proc. (2d Ed.), §§ 762, 763, it is said in substance that the motion to quash should be made in the early stages of the case, and should not be entertained after a verdict, which shows that the objection is not jurisdictional. See, also, *State v. Carver,* 49 Me., 588, 77 Am. Dec., 275. In 31 C. J., 872, it is held that the objection in question is not jurisdictional, citing *Ex parte Wilson,* 140 U. S., 575, 11 S. Ct., 870, 35 L. Ed., 513.

It would present at least an embarrassing situation to hold that the indictment, upon the assumed validity of which the defendants obtained a change of venue, should be quashed, leaving nothing to sustain the change of venue, which itself might pass with the passing of that which supports it.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.