14214

TURNER v. SOUTHERN RAILWAY COMPANY

(183 S. E., 579)

*Messrs. Blythe & Bonham* and *Frank G. Tompkins,* for appellant,

*Messrs. Mays & Featherstone* and *W. H. Nicholson,* for respondent,

February 3, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, by Ellie Milling Turner, against the Southern Railway Company, was commenced in the Court of Common Pleas for Greenwood County May 10, 1935, in which action the plaintiff seeks damages for personal injuries alleged

to have been sustained while attempting to cross a railway track of the defendant in the City of Greenwood, said county, due to the alleged negligent, willful, and reckless acts of the defendant. In this connection the plaintiff made the following allegation, as set forth in her complaint: "That while waiting for the aforesaid train to move further from the pathway, plaintiff observed Mr. Pierce Ouzts, the defendant's conductor and agent in charge of the said train, standing on the ground in the pathway near the train and just beyond the tracks on which the train was standing; and that the said Ouzts, acting within the scope of his duties as such agent and conductor of the defendant, beckoned and called to the plaintiff and invited her to come on across the tracks; and that plaintiff, relying upon and in response to the said invitation, and presuming from same that it was safe for her to cross the tracks, went forward and was on the tracks for the purpose of crossing same when other agents and servants of the defendant on the engine attached to the said cars wilfully, recklessly, negligently and without any signal or warning whatsoever suddenly and quickly moved said train backward and against plaintiff and knocked her down and ran over her."

The specific acts of negligence, willfulness, and recklessness alleged are set forth in the complaint as follows:

"A. In inviting the plaintiff to come across said tracks at the time and place aforesaid and by said invitation impliedly assuring her that it was safe for her to do so.

"B. In moving the said train backwards against the plaintiff quickly and suddenly without any signal or warning to her of any kind whatsoever.

"C. In quickly and suddenly moving the said train backwards across the said pathway without signal or warning of any kind whatsoever when the defendant knew, or had cause to know, that the plaintiff or some other person, a member of the general public, was likely to be on its tracks using the said pathway to cross the said tracks.

"D. In quickly and suddenly moving the said train backwards across the said pathway, when it knew or had cause to know that plaintiff or some other person, a member of the general public, was likely to be on its tracks using the said pathway to cross the said tracks, without keeping a proper lookout to prevent injury to plaintiff or such other person as might be on the said tracks."

The defendant interposed a general denial and also set up a plea of contributory negligence and recklessness as follows:

"A. In walking in front of a freight train when plaintiff by the exercise of her senses knew or should have known that said train was moving or about to move;

"B. In disregarding the warnings which were given her by an agent of the Company not to cross the track in front of said train;

"C. In hurrying across the tracks in front of said train without keeping a proper lookout and without giving due regard to her own safety, and

"D. In failing to exercise even slight care of her own safety."

The case was called for trial at the October, 1935, term of said Court before his Honor, Judge Hayne F. Rice, as presiding Judge. Before a jury was drawn, counsel for the defendant made a motion to quash the venire and panel of jurors upon the ground that the clerk of Court, who, as one of the jury commissioners, had participated in the preparation and drawing of the venire and panel of jurors, was a nephew by marriage and a first cousin by blood to the plaintiff in the action. This relationship was admitted by the clerk in open Court and by counsel for the plaintiff. Whereupon the presiding Judge, on motion of the plaintiff, continued the case, and before adjournment of that term of Court filed the following order, requiring jury commissioners to prepare lists, etc.:

"Order Requiring Jury Commissioners To Prepare
Lists, Etc.

"This matter comes before me on the motion of counsel for the defendant, Southern Railway Company, to quash the venire and the jury panel on the ground that the Clerk of Court, who is one of the jury commissioners, is a nephew of plaintiff by marriage and a cousin of the plaintiff by blood. The Clerk of Court, Mr. A. L. Milling, has stated in open Court that he is a nephew of plaintiff by marriage and a cousin of the plaintiff by blood. In view of this statement and after discussion by counsel for both parties, I am of the opinion that it would not be the part of wisdom to proceed to trial of this case before the jury as now constituted.

"In the natural course of events this case will again come up for trial at the November term of Common Pleas Court, at which I will preside. I feel that some provision should be made whereby this case can be brought to trial before the properly constituted jury at the November term of Common Pleas Court.

"The present jury box was made up by the regular Jury Commissioners before this case was commenced. The Clerk of Court, as one of the Jury Commissioners, participated in making up the jury box. In view of the fact that the jury box was made up several months before this action was commenced, I do not see how the defendant would have any reason to object to the drawing of a jury from the present jury box provided the Clerk of Court does not participate in the drawing of the jury.

"Counsel for the plaintiff has made a motion that the Court appoint the County Superintendent of Education to act in the place and stead of the Clerk of Court as one of the jury commissioners and that the County Superintendent of Education, together with the County Auditor and County Treasurer, do draw from the jury box a special jury panel for the trial of this cause at the November term

of Common Pleas Court. After hearing counsel and upon
due consideration, I am convinced that in the interest of
justice and as a means of expediting a trial of this cause
that such an order should be passed.

"It is therefore, ordered, adjudged and decreed:

"First, that pursuant to the provisions of Article 2, Sec-
tions 607 to 626, inclusive, of the Code of Laws of South
Carolina for 1932, the County Superintendent of Educa-
tion of Greenwood County, the County Auditor of Green-
wood County and the County Treasurer of Greenwood
County be and are hereby constituted Jury Commissioners
for the purpose of drawing a special jury from the jury
boxes as now constituted for the trial of this cause at the
term of Common Pleas Court to be held in Greenwood
County in November, 1935.

"Second, that the said commissioners shall draw the jury
only for the trial of this cause and their action in so doing
shall not interfere with the drawing of a regular list of
jurors for the said term of Court by the regular Jury Com-
missioners.

"Third, that the special jury to be drawn by the County
Superintendent of Education, the County Auditor and the
County Treasurer under this order shall be drawn pursuant
to the Code of Laws of South Carolina, and particularly
the sections referred to and, except as changed by this order,
at the same time and in the same manner as all other juries
or jury panels are drawn by the regular Jury Commis-
sioners.

H. F. RICE, Presiding Judge."

The defendant duly appealed from this order, and there-
after filed the following exceptions:

"1. It being admitted, and the Court having specifically
held, that the Clerk of Court was a nephew by marriage
and a cousin by blood to plaintiff the Court erred in not
holding that the venire for 1935 and the panel drawn for
any Court held in Greenwood for the year 1935 was illegal,

so far as this case is concerned and in signing any order for the drawing of a jury to try this case.

"2. Error in holding—'In view of the fact that the jury box was made up several months before this action was commenced, I do not see how the defendant would have any reason to object to the drawing of a jury from the present jury box provided the Clerk of Court does not participate in the drawing of the jury.'

"Specification: A. The cause of action sued on arose before the filling of the jury box took place and the participation of the Clerk in the filling of the box and the preparation of the list of jurors rendered the jury list and any venire or panel drawn therefrom illegal so far as this action is concerned, and gave to this defendant the legal right to object to any venire or panel drawn from said box.

"B. There is no provision of law making legal the drawing of a venire or panel of jurors from a box which was illegally filled, the illegality in filling box rendering illegal all subsequent drawings therefrom.

"3. Error in ordering the County Auditor, Treasurer and Superintendent of Education of Greenwood County to 'draw a special jury from the jury boxes as now constituted for the trial of this cause' and 'only this cause at the November, 1935, term of Court,' and 'their action in so doing shall not interfere with the drawing of a regular list of jurors for the said term of Court by the regular Jury Commissioners.'

"Specifications: A. The participation of the Clerk of Court in the original filling of the jury box rendered all juries drawn therefrom illegal so far as this action is concerned and no legal jury could be drawn therefrom to try this case.

"B. There is no provision of law authorizing any jury to be drawn by any officials for the trial of a particular case only; the only provision of law is for the drawing of a venire for the term for the trial of all cases triable during the term;

"C. The only provision of law for the substitution for a regular jury commissioner arises only when a commissioner is disqualified from drawing a panel of jurors at a particular term, in which event a commissioner may be substituted for the one so disqualified and authorized to participate in the drawing of a panel for the trial of all cases triable during such term."

The exceptions will not be considered separately, but jointly.

The question to be kept in mind is, Was the order of Judge Rice, from which the defendant has appealed to this Court, prejudicial to the defendant, and, if so, in what respect? The rights of third parties are not involved in this appeal. Under the admissions recited in the record and referred to in Judge Rice's order, regarding the kinship of the Clerk of Court for Greenwood County to the plaintiff in this action, clearly it was not proper for the clerk of Court as such to take any part in the trial of the case nor in drawing the venire and panel of jurors, since the case was instituted before the venire or jury panel was made up. But, the jury box having been filled before the suit was instituted, we fail to see why the venire or jury panel could not be made up from the names contained in the box in question, provided, the superintendent of education at that time acted in the place of the Clerk of Court. In this connection, we call attention to the fact that the motion of the defendant made at the time the case was called for trial was "a motion to quash the venire and panel of jurors upon the ground that the clerk of Court, who as one of the Jury Commissioners had participated in the preparation and drawing of the venire and panel of jurors, was a nephew by marriage and a first cousin by blood to the plaintiff in this action." In this motion no reference was made to jury box having been filled with the assistance of the clerk of Court. The jury box was made up before the commencement of this action. So far as the record discloses at the time the jury box was made up, there

is nothing to show that the clerk of Court had any knowledge that such a suit would be instituted or that he had any knowledge of the matters connected with the cause that was afterwards instituted. As contended by counsel for respondent, in granting the order involved, appellant, in effect, got what was asked for in the motion. We fail to see wherein the appellant was prejudiced by the order issued. In granting the order, we think his Honor acted with a cound discretion and that appellant was not prejudiced thereby. In this connection attention is called to the following cases: *State v. Hester,* 148 S. C., 360, 146 S. E., 116; *Humphrey v. Palmer,* 89 S. C., 401, 71 S. E., 977, and *State v. Smith,* 89 S. C., 158, 159, 71 S. E., 830.

We fail to see in what way the defendant was prejudiced by Judge Rice's order. As stated in this appeal we are not concerned with the rights of other parties who may have suits pending in said Court, and, in our opinion the question suggested by appellant under specification B of Exception 3 is not well taken.

For the reasons above stated, and for the reasons set forth in the order of his Honor, Judge Rice, the exceptions are overruled, and the order appealed from is hereby affirmed.

Mr. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

Mr. JUSTICE BONHAM concurs in result.