### 16312

**COLLUM *ET AL.* v. DOLAN**
(57 S. E. (2d) 430)

*Messrs. Henderson & Salley,* of Aiken, *for Appellant,*

*Messrs. Williams & Busbee,* of Aiken, *for Respondents,*

*Messrs. Henderson & Salley,* of Aiken, *for Appellant,*

January 30, 1950.

PER CURIAM.

In this action for damages alleged to have resulted from the wrongful cutting of timber which was conveyed by respondents to appellant verdict was rendered in favor of the latter, who was defendant. The trial judge granted new trial upon motion made by respondents upon several grounds, only the first of which need be considered because it was sufficient.

The answer contained the defense of independent contractor and it was alleged that such was U. E. Hutto who logged the timber. Drawn upon the panel of twenty jurors from which the parties afterward struck four each pursuant to section 634 of the Code was F. C. Lybrand whom respondents first moved the court to stand aside for cause upon the ground that he was the uncle by marriage of U. E. Hutto. At the suggestion of the court he was put upon his *voir dire* and examined by counsel and by the judge who concluded adversely to respondents' contention and that the juror was qualified. There was considerable argument between counsel and appellant's attorney insisted upon the qualification of the juror. The latter said that he had not discussed the case with his nephew, although he knew he had cut the timber, and would not be influenced by the relationship but upon being asked whether it would embarrass him to render a verdict which would affect his nephew, he said: "Well, naturally. I will explain it. As he being married to my niece, I would rather see him doing business, if he can"; and further that he wished him well.

Upon the motion for new trial one of respondents' counsel submitted his affidavit wherein he set forth that as the result of the court's ruling he struck Mr. Lybrand from the

panel and was thereby deprived of the right to strike another and that there were two or more others of the panel whom he should have liked to strike for suspected personal reasons of hostility to the counsel. The court concluded after verdict and upon the motion for new trial that the juror was not disinterested and that prejudicial error had been committed by refusal to stand him aside for cause upon respondents' motion and that they should not have been required to exhaust a peremptory challenge as to him and thereby lose that right as to another juror to whom they had personal objection. The order appealed includes on this feature the following: "The matter has given me very serious consideration and disturbs my conception of the manner of obtaining a fair and impartial jury. In view of the financial interest of this alleged independent contractor, I do not now believe that said juror, under his own statement, could have been a competent juror to sit in this case. The financial and personal interests of the husband and son of the juror's niece became so prominent during the trial as to make me believe now that the juror was disqualified, and in the exercise of my discretion, a new trial should be granted."

This was a proper exercise of discretion which should have been followed in the first instance and the challenged juror stricken from the panel in accord with respondents' motion. *State v. Robinson,* 111 S. C. 467, 98 S. E. 329; *Turner v. Montgomery Ward & Co.,* 165 S. C. 253, 163 S. E. 796; *Brown v. S. H. Kress & Co.,* 170 S. C. 178, 170 S. E. 142; *Sullins v. State,* 79 Ark. 127, 95 S. W. 159, 9 Ann. Cas. 279.

The order granting new trial is affirmed.