9969

FAYSSOUX·v. SEABOARD AIR LINE RY.

(96 S. E. 150.)

1. APPEAL AND ERROR—ALLOWANCE OF AMENDMENTS—DISCRETION OF
COURT.—The matter of the allowance of amendments is in the dis-
cretion of the trial Court, and exceptions to his action cannot be
sustained in the absence of showing of erroneous exercise of such
discretion.

2. TENDER—REFUSAL—EFFECT.—Where a railroad paid its injured serv-
ant $275 for a release, and the servant claimed fraud, and his attor-
ney offered to return the money, with interest from date of payment,
asking whether the railroad would accept a certified check or the
money, and the claim agent of the railroad stated that the matter
had been disposed of, and there was nothing further that he could
do, plaintiff was relieved from the duty to make actual tender.

3. COMMERCE — "INTERSTATE COMMERCE" — SWITCHING CAR.—Where a
railroad's conductor, when injured, was engaged in switching a car
bound out of the State of Virginia to its home road to the siding to
be sent to such home road, he and the railroad were engaged in inter-
state commerce and the Federal Safety Appliance Act (U· S. Comp.
St. 1916, sec. 8605, *et seq.*) was applicable.

4. RELEASE—TAKING AS ADMISSION OF LIABILITY—QUESTION FOR JURY.—
In a railroad servant's action for injury, whether, by taking a release,
the railroad did or did not admit liability, was a question for the
jury on proper consideration of the entire evidence in the case, for
the taking of a release does not in and of itself necessarily amount
in law to an acknowledgment or denial of liability.

5. APPEAL AND ERROR—RECORD—GROUNDS OF MOTION FOR NEW TRIAL.—
Where the grounds of the motion for new trial are not set out in the
record, exceptions assigning error in refusal of the motion cannot be
considered.

Before MOORE, J., York, Summer term, 1917.    Af-
firmed.

Action by H. A. Fayssoux against the Seaboard Air Line
Railway Company.    Judgment for plaintiff, and defendant
appeals.

*Messrs. Glenn & Glenn* and *W. W. Lewis,* attorneys for
defendant-appellant.    *Messrs. Glenn & Glenn* cite: *As to
allowing amendment to complaint during progress of trial:*

10 S. E. 932; Code of Procedure 194. *As to failure of plaintiff to tender the consideration of the release:* 56 S. C. 508-513; 60 S. E. 220; 72 S. E. 83; 70 S. E. 385; 57 S. E. 365. *As to employment in interstate commerce:* U. S. Supreme Court Reports, 58 Law Ed. 1051-1055; 229 U. S. 146; 57 L. Ed. 1125; 33 Sup. Ct. Rep. 648; 3 N. C. C. A. 779; 223 U. S. 1; 56 L. Ed. 327; 38 L. R. A. (N. S.) 44; 32 Sup. Ct. Rep. 169; 1 N. C. C. A. 875; 228 U. S. 433; 57 L. Ed. 907; 33 Sup. Ct. Rep. 580; 229 U. S. 156, 158; 57 L Ed. 1129, 1133; 33 Sup. Ct. Rep. 651; 232 U. S. 248, 256, *ante* ·591, 594; 34 Sup. Ct. Rep. 305; 233 U. S. 42, *ante* 838; Sup. Ct. Rep. 581; 60 Law Ed. 941, at 942; 233 U. S. 473, 478; 58 L. Ed. 1050, 1055; 34 Sup. Ct. Rep. 646; Ann. Cases 1914c, 163 and 227; 96 S. C. 21; 55 S. C. 101; 72 S. C. 478. *As to tender:* 84 S. C. 45; 99 S. C. 383. *As to plaintiff being engaged in interstate commerce and the applicability of the Federal law:* Federal Act of 1893, sec. 1; 222 U. S. 20; 56 U. S. L. Ed. 72; 102 S. C. 276-278; 75 S. C. 141; 237 U. S. 402; 222 U. S. 20; 55 L. Ed. 72. · *The point that there is no evidence to support an alleged cause of action should be first made, by either a motion for non-suit or a motion to direct a verdict:* Rule 77 of the Court; 88 S. C. 88; 84 S. C. 477; 72 S. C. 411; 86 S. C. 544. *Duty of appellant to have called the attention of the Court to alleged misstatement of issues:* 80 S. C. 410; 74 S. C. 102; 95 S. C. 199; 44 S. C. 546; 51 S. C. —; 239 U. S. 556-558, *ante* 436, 438; 36 Sup. Ct. Rep. 188; Supreme Court Advance Sheets, October term, 1916, p. 1916; Roberts Injuries Interstate Employees, p. 120; U. S. Supreme Court Reports, 58 L. Ed. 591. *As to direction of verdict:* 56 S. C. 508; 72 S. E. 83; 70 S. E. 385; 60 S. E. 220. *As to refusal of motion for new trial:* 74 S. E. 750-751. *Release not evidence of liability:* 84 S. C. 190, at 192; 74 S. C. 143; 54 S. E. 255.

*Messrs. Thos. F. McDow* and *J. Harry Foster,* for respondent, submit: *Plaintiff did not have to plead the*

*release and had a right to assail it, or any release without making the slightest reference thereto in the complaint:* 38 S. C. 199; 70 S. C. 282; 66 S. C. 77; 105 S. C. 364. *Amendment to complaint was properly allowed:* 86 S. C. 98; 87 S. C. 239; 93 S. C. 76; 101 S. C. 106; 86 S. C. 98; 101 S. C. 387; Code of Procedure 1912, sections 220, 221, 224; 51 S. C. 469; 68 S. C. 38; 78 S. C. 33; 64 S. C. 112; 68 S. C. 38; 72 S. C. 361; 73 S. C. 571; 71 S. C. 444; 85 S. C. 221. *Defendant having brought the release into the case by pleading it in bar of the action, it was properly left to the jury to say whether it was taken by defendant merely for the purpose of buying its peace without intending to admit liability, or whether it was obtained because of a conscious liability:* 89 S. C. 286. *As to refusal to grant a new trial:* 101 S. C. 390; 79 S. C. 513.

May 3, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff through the negligence and recklessness of the defendant.

The complaint alleges: That on the 1st of December, 1915, the plaintiff was in the employment of the defendant in the capacity of conductor, and while acting in said capacity he attempted to get on a car, and in his efforts to do so he caught the grabiron attached to the car for that purpose, and placed his foot on the foothold, but by reason of its defective condition and that of the grabiron the same gave way and caused the plaintiff to be hurled against the car, whereby he was seriously injured. That the defendant was negligent and wilful in the following particulars: (1) In failing to inspect said car; (2) in operating said car in violation of the United States Safety Appliance Act; (3) in failing to provide a safe place for the plaintiff to work. That at the

time of the injury, the defendant was engaged in interstate commerce. The defendant denied these allegations. It also set up the defenses of contributory negligence and assumption of risk; also that the plaintiff on the 25th day of January, 1916, in consideration of the sum of $275, released the defendant from all liability for his injury, and that the plaintiff received said sum in full payment and satisfaction of all claims against the defendant on account of said injury. The plaintiff alleged that the release was fraudulent and void. The jury rendered a verdict in favor of the plaintiff for $5,000, and the defendant appealed.

The exceptions assigning error on the part of his Honor, the presiding Judge, in allowing the plaintiff to amend his complaint cannot be sustained, for the reason that the appellant's attorneys have failed to satisfy this Court that his discretion was erroneously exercised. At the close of the testimony, the defendant's attorneys made a motion for the direction of a verdict, on the ground that the defendant had not made his tender good as to the $275 mentioned in the release.

The following letter written by Mr. Thos. F. McDow, plaintiff's attorney, was introduced in evidence:

"October 18, 1916. Seaboard Air Line Railway, Portsmouth, Va. Gentlemen: *In re H. A. Fayssoux v. Seaboard Air Line Railway.* Referring further to our correspondence in reference to Mr. Fayssoux's claim for damages, and note that you rely upon your release, and I write to offer you the return of the $275 paid him, with interest thereon from the date of payment. Please advise me whether or not you will accept either a certified check or the money. Please advise me immediately upon receipt of this, and oblige, Yours truly, Thos. F. McDow."

The reply to that letter, which is as follows, was also introduced in evidence:

"Portsmouth, Va., October 24, 1916. Mr. Thos. F. McDow, Attorney at Law, York, S. C. Dear Sir: I received

your letter of the 18th instant on the above subject. This matter, as I have previously stated, has been disposed of and there is nothing further that I can do. Yours truly, W. L. Stanley, General Claim Agent."

His Honor, the Circuit Judge, thus construed the said letters:

"Now, the plaintiff has introduced a letter here which I charge you amounted to an offer by the plaintiff to make the tender to the defendant of the $275, recited in the release as the consideration of such release, and has also introduced the reply to this letter admitted to be written by the claim agent of the defendant company, which reply, being in writing, I am called upon to construe. So, construing this letter in reply I charge you that this letter in reply in effect says that it would be useless to make any such tender of the $275, and, therefore, it operates to excuse the plaintiff from making any such tender of the actual money. It is, therefore, gentlemen, a question of fact for your determination upon the evidence, as to whether or not the release in evidence here was obtained by fraud."

The ruling of his Honor, the Circuit Judge, is sustained by the case of *Treadway v. Mills Co.,* 84 S. C. 41, 65 S. E. 934. In that case there was a tender of all amounts received, request for a statement of the amount paid out under the release, and assurance of readiness to return all such amounts when statement was furnished. The Court said:

"It would seem that plaintiff did all that could be required, and defendant, by not giving the necessary information demanded, is not in a position to avail itself of the objection that such money was not refunded before suit."

There was no testimony tending to show waiver of the plaintiff's right to rely upon the tender; and he stated in open Court that he was then ready and willing to return the money.

The next question is whether there was any testimony tending to show that the plaintiff and defendant were engaged in interstate commerce at the time of the injury.

The plaintiff testified: "I was engaged in moving the car in question, this empty car, which was going out of the State of Virginia, being employed by the Seaboard Air Line Railway at that time. The car was being switched to a siding to be sent to its home road out of the State of Virginia."

The rule is thus stated in *Louisville R. R. Co. v. Parker,* 242 U. S. 13, 37 Sup. Ct. 4, 61 L. Ed. 119:

"The plaintiff's intestate was a fireman upon a switching engine which was moving upon a switch track. * * * The business upon which the" plaintiff's intestate "was engaged at the moment was transferring an empty car from one switch track to another. This car was not moving in interstate commerce, and that fact was treated as conclusive by the Court of Appeals. In this the Court was in error, for if, as there was strong evidence to show, and as the Court seemed to assume, this movement was simply for the purpose of reaching and moving an interstate car, the purpose would control and the business would be interstate. The difference is marked between a mere expectation that the act done would be followed by other work of a different character, * * * and doing the act for the purpose of furthering the latter work"—citing numerous authorities.

In the case under consideration the testimony tends to show more than a mere expectation, and that the car was being switched for the purpose of being sent out of the State.

The exceptions. assign error on the part of the presiding Judge in stating to the jury that it was a question for them to decide whether or not the railroad company by making the settlement and taking the release acknowledged liability, whereas he should have charged the jury that making the settlement and taking the release was not an acknowledment of liability. The ruling of the pre-

siding Judge on that question was as follows: "I am requested by counsel for the defendant to charge you, and do charge you, that so far as concerns the taking of the release as matter of legal effect of any such action, it does not in and of itself necessarily amount in law to an acknowledgment or denial of liability. It is neither one or the other in legal effect, so far as the parties to this action are concerned. But whether by taking the release the railroad company did or did not admit liability is a question for the jury upon proper consideration of the entire evidence in the case. * * *"

This shows that the exceptions raising this question cannot be sustained.

The exceptions assigning error in the refusal of the motion for a new trial cannot be considered, for the reason that the grounds of the motion are not set out in the record.

Judgment affirmed.