12541

CHANDLER v. MOORE *ET AL.*

(145 S. E., 699)

*Messrs. Plumer C. Cothran,* and *Dakyns B. Stover,* for appellants,

*Messrs. Hodges & Leatherwood,* for respondents.

December 5, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

R. V. Chandler, as plaintiff, brought this suit against Marshall Moore, H. B. McBee, and L. M. McBee, as partners under the firm name of Moore & McBee, as defendants, in the Court of Common Pleas for Greenville County. The trial was before Hon. M. L. Bonham, Circuit Judge, and

a jury. The verdict was in favor of the plaintiff, Chandler, for the sum of $1,102.95. The defendants' motion for a new trial was refused, and the appeal is by them from such refusal.

The title to the transcript of record for this Court erroneously reverses the positions as parties of the plaintiff and defendants. We have given in this opinion the correct title of the case.

The plaintiff owned a filling station in the City of Greenville. He alleged in his complaint that he sold it to the defendants at the price of $1,420; that $250 was to be paid him in cash, and that the defendants agreed to pay plaintiff's debt to one Lupo of $90, and his debt to one Ballenger for $1,080; that defendants had only paid $317.05, and he demanded judgment for the balance of the purchase price, $1,102.95.

The answer of the defendants set up only a general denial. In the trial, however, the defendants sought to establish the fact that the plaintiff had not sold the filling station to them, but that the sale was made to one Verner Haynes.

In the testimony offered by him, plaintiff endeavored to show that Haynes conducted the filling station as the agent of the defendants.

Exceptions 1 and 2 may be considered together. By these exceptions, defendants contend that the evidence showed a sale by plaintiff to Haynes, and that there was no evidence to show a sale to the defendants, and therefore the Court should have granted the motion for a new trial. The exceptions cannot be sustained. The plaintiff testified positively that he made the sale to Mr. Marshall Moore, one of the partners; that he received some payments from the defendants as partners, and that the defendants took possession of the property and placed Haynes as their agent in charge of the business. In addition to plaintiff's testimony, there was corroborating testimony of other witnesses as to circumstances showing that the defendants had

purchased the property and had taken possession thereof.

The third exception charges that a new trial should have been granted because the plaintiff testified that he sold the filling station to "Moore & McBee Oil Company," when the complaint alleged a sale to Moore & McBee, as a partnership. This exception is technical. The plaintiff on cross-examination did state that he made the sale to Moore & McBee Oil Company. At many other places, he referred to the purchasers of his property as Moore & McBee.

The fourth and fifth exceptions will be treated together. It seems that at the first trial of the case, the defendant, H. B. McBee, was present in Court; at the second trial, Mr. McBee was not present. Walton Haynes, brother of Verner Haynes, who was not a witness at the first trial, testified, as a witness for the plaintiff, that Mr. McBee, one of the defendants, told him that the defendants were trading for plaintiff's filling station, and asked the witness if he was willing to go with his brother (Verner Haynes) and run it. Defendants now contend, as they contended on the motion for new trial, that the plaintiff concealed the testimony of the witness Walton Haynes, and that the defendants had no opportunity to reply to that testimony with the testimony of Mr. McBee, and that the Judge erred in not giving a new trial for that reason.

If the defendants were taken by surprise at the testimony of the witness, they should at least have asked the Court to order a mistrial before the verdict was rendered. In any event, the granting of a new trial, for the reason upon which it was based, was very much within the discretion of the trial Judge. Under the circumstances, it is clear to us that there was no abuse of that discretion.

The sixth, seventh, eighth, and twelfth exceptions complain of error on the part of the Circuit Judge in not instructing the jury as to the law of principal and agent. The defendants did not request any charge along

that line. And we do not see how any instructions as to the law of agency were required on the part of the Circuit Judge, and certainly not if no request was made therefor. The plaintiff contended that his sale was to one of the partners of the partnership, of which the defendants were members. He did not claim that the sale was made to Haynes as an agent of the defendants. The defendants' contention was that the sale was made by plaintiff to Haynes and not to them, and that Haynes was not their agent, and they did not claim that Haynes was plaintiff's agent.

By their ninth exception, the appellants complain of error in the admission of testimony given by Walton Haynes and O. D. Brown that Verner Haynes, a witness for the defendants, told them that Moore & McBee had bought the property. The record shows that the alleged statements of Verner Haynes to the two witnesses named were brought out on the cross-examination of the two witnesses by an attorney for the appellants. There was no objection to the testimony by the appellants, and no motion by them to strike out the testimony as being inadmissible and not responsive to the questions asked. In view of the fact that no effort was made to keep the testimony out of the record at the proper time, we are unable to hold the admission thereof erroneous.

The tenth and eleventh exceptions will be reported. They question the correctness of certain instructions given by Judge Bonham as to "the preponderance of the evidence," and the use by the Judge of what the defendants term "the old scale" illustration. The charges of the Judge, complained of, are complete answer to any attack which can be made against them. "The old scale" illustration is a landmark of our law, for it has come down to us from our forefathers in the jurisprudence of England and America from time immemorial. It is almost too sacred to even discuss, and certainly too greatly respected to even need defense.

The judgment of this Court is that all the exceptions be, and the same are hereby, overruled, and the judgment of the lower Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.