13655

BROWN v. S. H. KRESS & CO. *ET AL.*

(170 S. E., 142)

*Mr. L. D. Jennings,* for appellant,

*Mr. Raymon Schwartz,* for respondent,

June 30, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This case has traveled, and continues to travel, a rough and rocky road. A judgment in favor of the plaintiff, in the

first trial, was reversed because of the insistent efforts of her counsel to get before the jury matter ruled by the Court to be improper. See 168 S. C., 431, 167 S. E., 686.

In the second trial, there was a judgment for the defendants. The plaintiff has appealed therefrom.

The sole issue relates to the competency of a juror, whose name was placed upon the panel of twenty from which the parties were required to select the trial jury. The plaintiff's counsel contended that this juror was not "impartial," as required by the statute. The attorney for the defendants, by his questions, insisted, and attempted to show, that the juror's name should be left on the panel. The trial Judge ruled with the defendants.

At the request of counsel for the plaintiff, the prospective juror was sworn on his *voir dire* for examination, as provided in Section 637 of the Code. Such examination is usually, and properly, conducted by the trial Judge. The Judge may, if the circumstances seem to him to demand it, permit counsel engaged in the cause to also examine the juror. The better practice, however, seems to be for the Judge, and not the attorneys, to conduct the examination, for, unfortunately, sometimes counsel, in their examinations, go too far and exhibit personal feeling.

The juror, in his examination, said he knew absolutely nothing about this case, and that he could give both the plaintiff and the defendants a fair trial. He admitted, however, that formerly, while his son was an employee of the defendant S. H. Kress & Co., he criticized rather harshly the attorney for the plaintiff in this case for bringing another suit, and securing a verdict therein, against that defendant. He had stated to the attorney that the plaintiff in that case was not entitled to the verdict he got. He testified, "I think it is wrong to enter suits against these companies and get verdicts against them." He had told the plaintiff's attorney that he would always vote against him in an election because he had sued in the former case.

In spite of the statement two or three times by the juror to the effect that he could give a fair and impartial trial to the parties, we think his examination clearly disclosed that his state of mind was not such as to make him the "impartial" juror required under the law. The qualification of a juror is not to be determined alone by the fact that he declares his fairness and impartiality. In *State v. Prater,* 26 S. C., 198, 2 S. E., 108, 109, Mr. Justice McIver, for this Court, said: "It is quite clear that the mere fact that a given juror swears that he is not sensible of any bias would not be sufficient to qualify him to sit as a juror in a particular case; for, if that were the rule, then a close friend, or even a near relative of the accused, might, by simply swearing that he was not sensible of any bias, force himself upon the jury."

Without question, the prospective juror was angry at plaintiff's counsel because of the former suit. He declared himself very positively as to that matter. And his general opinion was to the effect that it was wrong to enter suits against companies like the corporation defendant in this case. His frank admissions in these respects were such as to overcome his statement that he could serve impartially in the case.

The name of the juror, objected to by the plaintiff, should not have been placed on the panel. By the provisions of Section 634 of the Code, the original act being passed at the legislative session of 1901 (23 St. at Large, p. 633), in a jury trial in the Court of Common Pleas, a party has "the right to demand a panel of twenty competent and impartial jurors from which to strike a jury." The intent of that section is to give litigants a fair and impartial jury, and to that end they are allowed to challenge any number of jurors for ·cause, and, in addition, each side is given the right to reject four peremptorily by striking their names from the list, without assigning any cause. *Graham v. Columbia Railway, etc., Co.,* 102 S. C., 468, 86 S. E., 952.

Counsel for the respondents has argued that the question as to the impartiality, or, as it is stated in the statute (Section 637 of the Code), the "indifference" of a juror, was a matter exclusively for the trial Judge, and his ruling is not reviewable here. It is quite true our decisions have gone far to sustain the holdings of trial Judges in respect to the qualification of jurors. But we do not feel that they have gone to the full extent suggested by counsel. The strongest case appearing to support his view is that of *State v. Faries,* 125 S. C., 281, 118 S. E., 620, 621. It was said in that case: "It is settled beyond controversy that our statute (Section 4045, Civ. Code, 1912 [now Section 637 of the Code], invests the Circuit Judge with exclusive power to determine the fact of a juror's competency." But the declared rule was qualified when the Court, through Mr. Justice Marion, the author of the opinion, followed the quoted statement with this language: "The finding of the Circuit Judge upon such issue may not, of course, be reviewed by this Court, except for error of law." And it was said: "Where the concrete question is whether the juror has a disqualifying opinion, the question is one of mixed law and fact, * * * to be tried, as far as the facts are concerned, like any other issue of that character, upon the evidence." Further on, in the opinion of the Court, it was clearly indicated that where, as a matter of law, there was an "erroneous exercise of discretion" on the part of the trial Judge, this Court might correct the error committed.

In *Fender v. N. Y. Life Insurance Co.,* 158 S. C., 331, 155 S. E., 577, 578, we reaffirmed the principle announced in *State v. Sharpe,* 138 S. C., 58, 135 S. E., 635, that: "Our Circuit Judges should be very careful to keep off juries persons who are related to the parties, or who, in any manner, have an interest in the result of the cause."

We think there was error of law in the ruling of the Court that the name of the juror, challenged by the plaintiff for cause, should be placed upon the panel of twenty, and

this Court not only has the power, but the duty, to correct that error.

The judgment below is reversed, and the cause remanded to the Court of Common Pleas for Sumter County for a new trial.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.