15391

NEAL v. CLARK

19 S. E. (2d), 473

June, 1941.

*Messrs. Perrin & Tinsley, Messrs. Osborne, Butler & Moore,* and *Mr. Jesse W. Boyd,* all of Spartanburg, for appellant,

*Messrs. Johnson & Johnson,* and *Mr. J. C. Mooneyham,* all of Spartanburg, for respondent,

March 20, 1942.

The opinion of the Court was delivered by CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This is the second appeal in this case. The first is reported in 196 S. C., page 139, 12 S. E. (2d), 921, 924; and may be referred to for a synopsis of the pleadings and the text of the paper signed by Mrs. Clark, which is the center of this controversy.

In order to discuss and consider this case intelligently it is well to determine its real nature.

Appellant in his demurrer to the complaint states: "Aside from the note the only fact alleged for a recovery against the defendant is an alleged family settlement and there is no consideration alleged therefor, the plaintiff was not a party to same, and it is a *nudum pactum.*"

His Honor, Judge Gaston, in his decree of July 20, 1938, overruled this demurrer. He finds in this decree that "The complaint alleges a parol gift to plaintiff by her mother."

He further finds that under the allegations of the complaint "The plaintiff is the equitable owner of a fourth part of the donation or gift and the other three children have received their share, etc." There was no appeal from this order.

This Court, on the previous appeal, made the following statement: "The foundation of this action is based upon the allegations of a family settlement, in which defendant participated, by which Mrs. Clark gave to her four children in equal parts the notes owed to her by them; that in this settlement there were listed notes of defendant amounting to the sum of $5,609.19. These were given to each of the children in equal parts. The plaintiff's share it is alleged was to be paid to her by appellant. He pleads that he is not liable because he had paid these notes to his mother and offers evidence to support that plea."

The basis of the alleged settlement therefore was the gift of the mother to her four children of their respective debts to her.

The alleged family settlement took place on February 10, 1932. To prove this, respondent offered in evidence a paper signed by the mother on April 28, 1932, in which she sets forth the amount due her by the four children, and gives the same to them, and directs that they be equally divided among them. See former appeal.

Respondent offered testimony to sustain the allegations of the complaint. There was testimony as to the gift by the mother of the debts and a family settlement and division of the same; that respondent is a deaf mute, and that appellant attended to her affairs for her and held her note at the settlement.

Appellant testified in denial of the claims of respondent, and insisted that payment had been made of various amounts on his debt to his mother.

The issues were submitted to the jury, and verdict for respondent for the amount sued on.

On this appeal there are seventy-three exceptions, consuming some fifteen printed pages of the record. With due deference to the painstaking and able attorneys for appellant we are reminded of the old fashioned blunderbuss which the hunter, closing his eyes, used to fire in the hopes that he would hit something somewhere.

These attorneys, however, with commendable consideration for the effort of the members of this Court to keep up with their work, have grouped these exceptions under six heads, and we shall deal with the issues accordingly.

As to the statement of Mrs. Clark.

This statement is dated April 28, 1932; a few months after the alleged family settlement of February 10, 1932, and long before the commencement of any action.

At the previous trial, appellant objected to this statement on the ground that "It does not appear to be identified with Dr. Clark, the defendant, in any way. It is merely a statement." The paper was admitted for the purpose of showing what disposition Mrs. Clark made of this part of her estate.

The learned Circuit Judge in his order held that the statement was against her interest, as she was purporting to give away the sum of $10,417.18.

In argument on the appeal from that first trial appellant's attorneys said that it was objectionable as hearsay. This Court stated: "It is certain that Judge Gaston has never passed upon the issue that the statement was hearsay and inadmissible for that reason. It is not proper for us to pass upon that issue. We think the statement was admissible, as is shown by the order and by the authorities cited by the Circuit Judge and by others cited by the respondent."

Upon the instant trial the paper was again offered and was objected to as hearsay. Judge Sease admitted the paper in view of the ruling of this Court.

The question now presented by appellant is whether or not the paper should have been rejected as evidence by the trial Judge under the hearsay rule.

Ordinarily a mere statement of a creditor not on the witness stand as to the amount due on a note held by him might well be regarded as hearsay on the ground that no opportunity was given for cross examination. However in the case at bar the mother is dead, and her written statement as to the amount due might well be regarded as a declaration against interest, made shortly after the transaction, and before litigation. The declaration of amounts due was of no benefit to the mother. She was giving away the notes. The paper was against her proprietary interests. The more there was due the more she was giving away, which was to that extent against her interest. This would create an exception to the hearsay rule. See 22 C. J., pages 232, 233.

However, assuming for the sake of argument that the writing in question was hearsay so far as the amounts stated therein are concerned, the paper was competent evidence to go to the jury on the question of the validity of the gift from the mother to the children.

A paper may be incompetent as to certain things and competent as to others. *Freeman v. Bailey,* 50 S. C., 241, at page 256, 27 S. E., 686. In *Smith v. Williams,* 141 S. C., 265, at pages 278, 279, 139 S. E., 625, 629, 54 A. L. R., 964, the Court admitted an otherwise incompetent paper for the purpose of evidence as to whether or not a family agreement had been entered into. And the Court said that the paper, while not enforceable in a judicial proceeding, "but, in moral right, the request, if recognized as expressing their father's wishes, was just as much a charge upon them, which filial duty should cause them to comply with, as if the paper containing the request had fully met the formalities of execution prescribed by law."

The basis of the family settlement in the case at bar was the gift of the mother to her four children. And the paper was clearly admissible as evidence of the gift. *Snowden v. Pope,* Rice Eq., page 174. 28 Corpus Juris, page 675.

Suppose that a party should assign in writing a debt to another by valid assignment, and state in the assignment that there was due a certain sum thereon, surely the paper would be admissible in evidence on the question of the assignment, even if the testimony as to the amount due would not be binding upon the debtor. This seemed to be the theory of the trial Judge, who charged the jury as follows: "I want to dispose of that by saying what the Supreme Court said about the paper. They said it was admissible, competent evidence in the case to show what disposition she was making of her estate. That is the only thing that can be shown by that paper. The Supreme Court said so. I instruct you that now. That is all I am going to say about that paper."

He also charged them that they could not consider the assertions contained in that statement in determining whether Dr. Clark was indebted to his mother or in what amount.

These exceptions must be overruled.

### OBJECTIONS TO TESTIMONY TAKEN BY DEPOSITION

Appellant complains that certain answers by the witness brought out by his attorneys on cross examination should have been stricken out.

It is of course the rule that the Court may strike out incompetent testimony, such as hearsay, on proper motion even when brought out on cross examination. *Chandler v. Moore,* 148 S. C., 152, 145 S. E., 699. But this does not mean that an attorney may in every case elicit facts from a witness on cross examination and then object to them if unsatisfactory.

Besides this, during the reading of the deposition his Honor, the trial Judge, sustained several objections made by appellant's attorneys to statements brought out by the witness on cross examination.

We have read this testimony carefully and we do not think that the matters complained of, even if error, would warrant the setting aside of the verdict in this case.

This exception must be overruled.

## REFERENCES TO OTHER TRANSACTIONS

Appellant claims that the testimony is replete with references to other transactions than those involved in this action. We have read the testimony carefully and find no reversible error. This action is based on a family settlement, and naturally many things were brought out in the testimony, some of which seem relevant and some not.

Questions of relevancy are largely within the discretion of the trial Judge, and we are not disposed to upset the verdict in this case on this ground. And in many instances the trial Judge instructed the jury not to consider such testimony, and we do not think appellant has reason to complain to any extent as to amount to reversible error.

## REFERENCES TO THE SUIT BY MRS. BRANNON AGAINST APPELLANT

We do not know what was in the minds of the parties to this case or their attorneys.

The only apparent reference which we can find on this point in the record is as follows:

On cross examination of Mr. Brannon the following occurred:

"Q. As far as you know he never saw this statement until this case was tried? A. Yes—I know he had.

"Q. When? A. I gave it to him when he settled with my wife. You asked me that."

The jury would have found it hard to determine what settlement was referred to. The statement of the witness was more or less harmless in itself, without further explanation. None was sought or given.

If the witness meant a settlement under the terms of the family agreement it was competent to show that all parties acted on the family agreement and received the benefit of it.

Appellant complains in his brief that the settlement mentioned by the witness was in the nature of a compromise, and that the testimony was incompetent on this ground. We find no evidence to support this contention.

It is of course true that the law favors compromises ██ and refuses to allow testimony as to negotiations and offers of compromise. But where a settlement has been effected and releases executed and delivered, this fact does not admit liability, but presents a question of fact for the jury as to whether liability is admitted or not. *Fayssoux v. Seaboard Air Line Railway*, 109 S. C., 352, 96 S. E., 150.

## As to Directed Verdict—New Trial—and Failure to Give Credits

There was evidence to support the allegations of the ██ complaint. There was testimony as to the amount due on the debt by appellant to his sister. A directed verdict would have been improper. The refusal of a new trial was within the discretion of the trial Judge, and will not be disturbed.

There have been two trials in this case, and in each the jury rendered its verdict for respondent. We repeat the statement made by this Court in the case of *Currie v. Davis*, 130 S. C., 408, 423, 126 S. E., 119, 124: "It is the public interest, as well as to the interest of parties to actions, that litigation should be shortened, and that appeals should not delay the accomplishment of substantial justice."

All of the seventy-three exceptions are overruled, and the judgment of the lower Court is affirmed.

Mr. Chief Justice Bonham, Messrs. Associate Justices Baker, Fishburne and Stukes concur.