18603

Larry BAUGHMAN, by his Guardian ad Litem, Vetron Baughman, Respondent, v. SOUTH CAROLINA INSURANCE COMPANY, F. L. Augustine and Murl Augustine, of whom F. L. Augustine and Murl Augustine are, Appellants.

(152 S. E. (2d) 733)

*Messrs. Dufour & Dufour,* of Aiken, *for Appellants,* ▉

*Henry Busbee, Esq.,* of Aiken, *for Respondent,* ▉

February 9, 1967.

BUSSEY, Justice:

The minor plaintiff-respondent, Larry Baughman, sustained quite serious personal injuries as a result of a collision, between a Triumph automobile and a school bus, at the intersection of Barnwell Avenue and Horry Street, in the City of Aiken. Baughman was a passenger in the Triumph automobile, owned by appellant, F. L. Augustine, and operated at the time by his son, the appellant Murl Augustine, as a family purpose automobile. Action was against the insurer of the school bus and the two Augustines, and trial resulted in a verdict of $5,000 against the school bus insurer, and $10,000 against the Augustines. Only the Augustines appealed.

Both Barnwell Avenue and Horry Street are dual roadway streets, the dual roadways of each of said streets being separated by parkways. Barnwell Avenue runs east and west, and Horry Street runs north and south and dead ends in the premises of Schofield School on the north side of Barnwell Avenue. At the time of the collision between the two vehicles, the school bus had just left the school grounds and was proceeding in the southbound roadway of Horry Street, while the Triumph automobile was proceeding in the eastbound roadway of Barnwell Avenue.

While the evidence would indicate that there is at least a grave question as to whether plaintiff was a guest in the Triumph automobile within the contem-

plation of Section 46-801 of the 1962 Code, the case was tried and submitted to the jury, without objection on the part of the plaintiff, on the theory that he was such a guest. Apparently in tacit recognition of the fact that plaintiff was not such a guest, the appellants here contend that "under the law of this case" there was insufficient competent evidence to support a finding that appellants were guilty of reckless and willful misconduct, or that such was a proximate cause of the collision. A conclusion that there is no merit in this contention of the appellants requires no detailed discussion or analysis of the evidence, which, together with the reasonable inferences deducible therefrom, has to be viewed in the light most favorable to the plaintiff.

In brief, the evidence viewed in such light, discloses that the school bus stopped before entering the westbound roadway of Barnwell Avenue, and stopped again before proceeding to cross the eastbound roadway thereof. Although the applicable speed limit was 35 miles per hour, the Triumph automobile approached the intersection at a speed of between 40 and 50 miles per hour and did not reduce speed upon approaching and entering the intersection. Photographs in evidence indicate that the left front corner of the Triumph automobile struck the right end of the front bumper of the school bus, which was halfway across the eastbound roadway of Barnwell Avenue. The testimony of Murl Augustine alone tends to convict him of conduct which would warrant recovery under the guest statute. He was thoroughly familiar with the intersection and knew that at that particular time of day numerous school buses customarily left the grounds of Schofield School and headed south on Horry Street. On the day of the collision, he saw the bus, which was actually involved in the collision, leaving the school grounds, but admittedly paid no attention to it thereafter whatsoever until the precise moment of the collision. By his own testimony, he consciously failed to keep a proper lookout and did not reduce speed upon approaching or entering the intersection. The most favorable portion

of his own testimony is his contention that his speed was between 20 and 25 miles an hour, which contention is strongly refuted by other evidence in the record.

Without further review, we have no hesitancy in holding that the evidence was quite sufficient to support a finding by the jury that young Augustine was guilty of reckless and willful conduct and that such was a proximate cause of the collision and resulting damage to the plaintiff.

Appellants contend that the trial judge erred in refusing the following request to charge,

"I charge you that in order to support an inference of causal connection between excessive speed and a collision, you must find that if the car had been operated at a reasonable speed it could have been stopped at some distance short of the collision point. *Horton v. Greyhound Corp.*, 241 S. C. 430, 128 S. E. (2d) 766 (1962)."

In refusing to charge, the trial judge said, "I don't like 11, it sounds almost on the facts." If the request to charge was not actually upon the facts, we agree with the trial judge that it at least bordered upon being such, and we think there was no error on his part in refusing the charge. His Honor's main charge on proximate cause was very full, clear and explicit, and we think that appellants could have, in no event, suffered any prejudice as a result of the refusal of the particular request.

Appellants contend that there was prejudicial error arising out of the following circumstances. The complaint of the plaintiff alleged that Horry Street was a secondary street and that Barnwell Avenue was a primary street, having the right of way at the intersection, such allegation being admitted in the answer of appellants, but denied in the answer of the insurer for the school bus. The evidence in the record shows that there were no stop signs in the area and that Barnwell Avenue was not a "through highway" as defined in Sec. 46-252 of the 1962 Code. Before proceeding to argue

the case to the jury, counsel for appellants inquired of the trial judge if they would be permitted to argue "anything about a through highway". The trial judge ruled in the negative on the ground that there was no evidence of a "through highway" and nothing further was said by counsel for appellants at that point. Arguments to the jury were then concluded, following which the court recessed until the next day.

On the following morning, counsel for appellants called to the attention of the court the allegation of the plaintiff in the complaint, hereinabove referred to, as to the nature of the streets, and argued that appellants were entitled to have charged to the jury the provisions of Sec. 46-423 of the Code, regulating a vehicle entering a "through highway". After some colloquy between court and counsel for all of the parties, counsel for plaintiff stated that there was no objection on the part of the plaintiff to the court charging the provisions of Code Sec. 46-423 as requested by appellants, although counsel did not concede that appellants were entitled thereto. The trial judge then agreed to so charge, coupled with the instruction that the charge would not be applicable to the insurer of the school bus since that party had not admitted the allegations of the complaint. Counsel for appellants then requested that they be allowed to again argue to the jury in connection with the charge which the judge had agreed to give, and afterwards gave. This request was refused by the court with the statement, "If we started that, we never would get through."

Appellants here insist that they were entitled to the charge relative to a "through highway" and that they were prejudiced in not being allowed to argue that facet of the case to the. jury. We have grave doubt that appellants were even entitled to the charge. The evidence shows that there was actually no "through highway" involved. We know of no statutory definition of the term "primary street" and no judicial definition of the term has been cited or come to our attention. Even if the allegation

with reference to a "primary street" entitled the appellants to the requested charge, the appellants are still not entitled to complain of the failure of the trial judge to allow counsel to reopen arguments to the jury. The error, if any, on the part of the trial judge in refusing to allow jury arguments as to that aspect of the case, was, in effect, invited by appellants. Their contentions with respect to a "through highway" were based solely on the pleadings, and if they thought there was any merit in their contentions, such should have been presented to the trial judge prior to the commencement of arguments to the jury.

The remaining contention of the appellants is that the verdict is excessive and that the trial judge was in error in refusing to grant either a new trial or a new trial *nisi* because of such alleged excessiveness. Where the amount of a jury verdict for damages for personal injuries bears a reasonable relationship to the character and extent of the injury and damage sustained, the verdict is not excessive. *Lipscomb v. Poole,* 247 S. C. 425, 147 S. E. (2d) 692; *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575; *Oliver v. Blakeney,* 244 S. C. 565, 137 S. E. (2d) 772; *Watson v. Wilkinson Trucking Co.,* 244 S. C. 217, 136 S. E. (2d) 286.

A review of the evidence in this case, relating to damages, convinces us that it could not be logically or soundly argued that the verdict of the jury bore no reasonable relationship to the character and extent of the quite serious and substantial injuries and damages sustained by the plaintiff. No useful purpose could be served by setting forth in detail all of the evidence bearing on such damages, since the contention of the appellants as to excessiveness is clearly without merit.

All of the appellants' exceptions being without merit, the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., Lewis and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.