21200

Earline CROSBY, Respondent, v. SOUTHEAST ZAYRE, INC., Appellant.

(265 S. E. (2d) 517)

*Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*J. Marvin Mullis, Jr.,* Columbia, *for respondent.*

April 17, 1980.

Lewis, Chief Justice:

Plaintiff-respondent, while shopping in the store of defendant-appellant in Columbia, South Carolina, fell over a stock cart that was protruding into an aisle. She brought this action to recover for the injuries and damage sustained in the fall and was awarded a verdict by the jury in

the amount of $5,000 actual damages, from which this appeal is presented.

At the beginning of the trial, the trial judge inquired as to any possible relationship between any juror and the respondent and, also, as to any connection with the corporate appellant. No relationship with any of the parties was revealed as a result of this inquiry. The trial judge made no further inquiry of the jury to determine any possible bias, prejudice, or interest that any juror might have in the cause. Counsel for appellant then requested the judge to inquire as to (1) "whether or not any member of the jury panel has any relationship with" any member of the law firms representing either party, and (2) "whether or not any member of the panel has sustained any type of injury in a department store or mercantile establishment." Although counsel for both parties finally joined in the foregoing request, it was denied by the trial judge.

The refusal to permit the foregoing questions to be asked of the jury on their *voir dire* examination is the basis of the first ground of appeal.

Section 14-7-1020, South Carolina Code (1976), states the general duty of the trial judge to examine jurors as to their interest in a cause:

The court *shall,* on motion of either party in the suit, examine on oath any person who is called as a juror therein to know whether he is related to either party, has any interest in the cause, has expressed or formed any opinion or is sensible of any bias or prejudice therein . . .. (Emphasis added.)

While it has been held that, generally, the conduct of *voir dire* examinations of jurors is within the discretion of the court, *State v. Gibbs,* 267 S. C. 365, 228 S. E. (2d) 104, we have also held that, under the quoted statute, the refusal to make any examination of prospective jurors to determine bias or prejudice on their part, when a timely request has

been made, constitutes reversible error, *State v. Brown,* 240 S. C. 357, 126 S. E. (2d) 1.

The request by appellant, that inquiry be made to determine the relationship of any juror to counsel in the case, concerned the possible interest, bias, or prejudice of the jurors arising not only from kinship but also from business connections with any of the attorneys. The refusal to make such inquiry, when requested, amounted in this case, in effect, to the refusal by the trial judge to follow the clear mandate of the above quoted provisions of Section 14-7-1020; and constitutes reversible error.

The purpose of the *voir dire* examination of jurors is to ascertain whether grounds exist for disqualification. A juror who has an interest in the cause or is sensible of any bias or prejudice therein is disqualified to serve. Certainly, interest, bias or prejudice of the juror may exist because of a relationship with counsel just as with a party to the litigation. Since this affects the qualification of the juror, the parties are entitled to the information. The most likely method of determining the existence of any relationship between counsel and prospective jurors is through the *voir dire* examination, which was denied in this case.

We treat here solely the question of whether it was error for the trial judge to refuse to make the inquiry as to any possible relationship between counsel and the prospective jurors. Whether the relationship between an attorney and a prospective juror is ground for disqualification depends upon the particular facts and circumstances. See: *Brown v. S. H. Kress & Co.,* 170 S. C. 178, 170 S. E. 142; *State v. Nicholson,* 221 S. C. 399, 70 S. E. (2d) 632; *State v. Franklin,* 267 S. C. 240, 226 S. E. (2d) 896.

This disposition of the foregoing question requires reversal and remand for a new trial and would, ordinarily, eliminate the necessity for consideration of other questions

argued. However, since there are two other questions which will of necessity arise on a retrial of the case, we think it beneficial to dispose of these also. The first of these concerns the admissibility of evidence.

Appellant contends that the trial judge erred in allowing the respondent to testify that appellant's manager offered to pay her medical bills, in that (1) it was an inadmissible offer of settlement, (2) the prejudice outweighed its probative value, and (3) no curative instruction was given by the court.

After testifying on direct examination about her fall in the store, respondent testified at page 16 of the record as follows:

"Q. . . . Was your leg bleeding?

"A. Yeah, it bleeds and he told me to go to the office and so I went to the office and talked to the manager and he told me that he was . . . he admitted that he was . . . it was their fault and told me he said it [the cart] shouldn't be there in the first place.

"Q. . . . What did he tell you to do as a result of that?

"A. He told me to go to the doctor.

"Q. To the emergency room?

"A. Yes, sir.

"Q. Did he tell you whether they'd pay for it or not?

"A. Well, he said he'll pay for it.

As a general rule, evidence of payment of medical bills by the defendant is inadmissible, *Howell v. Hairston*, 261 S. C. 292, 199 S. E. (2d) 766; "unless the surrounding circumstances indicate an admission of liability rather than an act of benevolence", 31A C. J. S. Evidence § 291 p. 743.

The testimony sustains the conclusion that the offer to pay respondent's medical expenses was a part of an admission of liability by appellant's manager and, as such, was admissible.

Finally, appellant contends that the trial judge erred in refusing to grant its motion for a directed verdict on the ground that the evidence conclusively showed respondent guilty of contributory negligence and, as a matter of law, not entitled to recover. The testimony and the reasonable inferences arising therefrom sustain the lower court's refusal to direct a verdict for appellant.

Respondent testified that she walked to the back of appellant's store looking for someone to assist her in shopping for floor tile. She located an individual and asked for assistance; but it developed that this individual was also a customer. Respondent then turned and was walking back down the aisle, along which she had just travelled, with her head slightly turned, talking to the customer, when she bumped into a cart which had been left parked under a swingset protruding into the aisle about four to six inches. After bumping into the cart, she fell and sustained the injuries for which recovery is now sought.

The cart in question was used to carry merchandise to the sales floor, and measured approximately three feet wide, four and one-half feet long, and one foot high. The lighting in the back of the store was dim and the color of the cart was similar to that of the floor. There was testimony that respondent did not see the cart before her fall.

The testimony presented a jury issue as to whether the presence of the cart was so open and obvious that it would have been discovered through the exercise of due care. The conduct of respondent was properly to be weighed by the jury in the light of the testimony concerning the height of the cart; the dim lighting in the area; the location of the cart under the swingset and protruding only four to six inches into the aisle; and the similarity between the color of the cart and the floor. Under this testimony, the issue of contributory negligence was for the jury's determination; and the trial judge properly refused appellant's motion for a directed verdict.

The judgment is accordingly reversed and the case remanded for a new trial.

LITTLEJOHN, NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.