21305

Esther R. McINTIRE, Respondent, v. WINN DIXIE GREENVILLE, INC., Appellant.

(270 S. E. (2d) 440)

*Love, Thornton, Arnold & Thomason,* Greenville, *for appellant.*

*Foster, Covington & Patrick,* Greenville, *for respondent.*

September 17, 1980.

LEWIS, Chief Justice:

The dispositive issue in this case concerns the admission of testimony relating to the payment of medical bills by the defendant. We reverse.

The respondent initiated this action to recover for injuries received while shopping at the appellant's store. As she approached the check-out counter, a can of ham fell from the conveyer belt and struck her foot. The next day, she called the store manager and their conversation is the subject of the appellant's challenge. The testimony, admitted over the appellant's objection, was as follows:

Q. Go ahead, Mrs. McIntire, what was the substance of that conversation?

A. Okay, Mr. Coffee said he was the Manager. He had note of the accident on his desk and he gave me a phone number to call and that they would take care of my medical bills that I had.

After a verdict for the respondent, the appellant moved for a new trial. The trial judge in denying the motion, reasoned that since the manager did not explain the note nor deny liability, it was inferable his conduct was the result of an admission. In so ruling, he erred.

We recently held in *Crosby v. Southeast Zayre, Inc.,* 265 S. E. (2d) 517, (S. C., 1980):

As a general rule, evidence of payment of medical bills by the defendant is inadmissible. *Howell v. Hairston,* 261 S. C. 292, 199 S. E. (2d) 766; 'Unless the surrounding circumstances indicate an admission of liability rather than an act of benevolence.' 31A C. J. S., Evidence, Section 291, p. 743.

Knowledge of the accident and the mere failure of the manager to comment on liability, standing alone, are insufficient to qualify the conversation for admission. They fail to reasonably show an admission of liability rather than other, equally tenable, motivations.

The only other question which we need consider is that challenging the sufficiency of the evidence to show actionable negligence on the part of appellant.

The evidence gives rise to the reasonable inference that respondent was injured as the result of the negligence of appellant's employee in operating the conveyor belt on its check-out counter. It appears that a customer immediately in front of respondent had stacked her groceries on the check-out counter. As the groceries were checked and entered on the cash register, the cashier would activate a conveyor belt on which the groceries had been stacked so as to bring the remaining items within reach. The groceries were so placed on the check-out counter that the movement of the conveyor belt caused a canned ham, weighing about four pounds, to fall about three to three and one-half feet to the floor striking respondent's foot.

The operation of the conveyor belt was within the sole control of the cashier and, with full view of the stack of groceries, the conveyor belt was activated when it was reasonably foreseeable that some items of the improperly stacked groceries might fall to the floor where customers were standing. The trial judge properly held that it was a jury question whether appellant had provided reasonably safe conditions for the use of the premises by its customers.

*Hughes v. Children's Clinic, P.A.,* 269 S. C. 389, 237 S. E. (2d) 753.

Reversed and remanded for a new trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.