282 S.C. 87 (1984)
317 S.E.2d 140
Bruce C. HALL, Respondent,
v.
PALMETTO ENTERPRISES II, INC., OF CLINTON, Appellant.
0189
Court of Appeals of South Carolina.
June 1, 1984.
*88 *89 W. Ray Berry, of Columbia, for appellant.
Joe F. Anderson, of Edgefield, for respondent.
June 1, 1984.
*90 GOOLSBY, Judge:
The respondent Bruce Hall brought this action against the appellant Palmetto Enterprises II, Inc., to recover damages for personal injuries sustained while helping an employee of Palmetto load a pinball machine onto a truck. The appeal involves questions concerning the admissibility of certain testimony, the sufficiency of the evidence to support the verdict and its amount, the argument by Hall's counsel to the jury, and the trial court's jury instructions. We find no error; consequently, we affirm the jury's verdict in Hall's favor in the amount of $5,625.
Palmetto furnished amusement machines to a country store owned by Hall in Edgefield County. Melvin Smith, an employee of Palmetto, maintained the machines.
When a pinball machine at Hall's store malfunctioned, Palmetto arranged for Smith to replace it with a new one. Smith arrived at the store alone in a pick-up truck equipped with a hydraulic lift known as a "tommy" lift. A control located at the rear of the truck approximately four to five inches from a cable activated the lifting platform.
Smith unloaded the new machine by himself, but sought assistance from Hall in moving the old machine from the store and loading it onto the truck. Hall agreed to help Smith with the old machine. Although Smith instructed Hall on the operation of the lift, he did not warn Hall about its hazards.
As they loaded the pinball machine onto the pick-up truck, Smith held the back end of the machine while Hall operated the lift. When the platform pulled even with the truck bed, Hall jumped away from the truck holding his finger. Somehow the lift had pinched off the tip of Hall's little finger on his right hand. The severed fingertip was found in an area between the top of the lift and the metal frame that connected the lift to the truck.
As a result of losing his fingertip, Hall suffered pain, incurred medical expenses, and sustained permanent disfigurement.

I. Admissibility of Testimony
Palmetto questions the admissibility of testimony by Hall and Smith regarding Smith's failure to bring an additional employee to help him and the admission of testimony by Hall *91 of a statement made by Smith that the matter should be settled.
Hall testified that after the accident, Smith told him "not to mention that he [Smith] was off down there by himself [sic]." Palmetto objected to the testimony claiming that it was irrelevant. Later, Hall's counsel, also over objection, questioned Smith concerning Smith's need for Hall's assistance because he did not bring another employee to help him.
It is well-settled that the admissibility or exclusion of evidence is within the sound discretion of the trial judge. The exercise of his discretion will not be disturbed on appeal absent a clear showing of an abuse of discretion, the commission of legal error in its exercise, and prejudice to the rights of the appellant. S.C. State Highway Dept. v. Rural Land Co., 250 S.C. 12, 156 S.E. (2d) 333 (1967); Cudd v. John Hancock Mutual Life Ins. Co., 310 S.E. (2d) 830 (S.C. App. 1983).
Palmetto acknowledges in its brief that the first statement "does not appear to be too harmful;" however, it claims that when the statement is "added to the question which counsel for [Hall] was allowed to ask [Smith]" concerning the failure to bring additional help, prejudice is demonstrated. We do not agree. The latter question merely sought an answer to the obvious and therefore could not possibly have prejudiced Palmetto. Had Palmetto sent enough employees to accomplish the task of moving both pinball machines, most probably Hall's assistance would not have been sought. The trial court did not err, therefore, in admitting the testimony complained of.
Hall also testified over objection that Smith told him that "he didn't see why the thing wasn't settled ... and ... done with...." Palmetto takes the position that the statement was inadmissible in that it constituted an offer of settlement. Palmetto does not argue that Smith lacked authority to make it. See Hunter v. Hyder, 236 S.C. 378, 114 S.E. (2d) 493 (1960); 31A C.J.S. Evidence § 343 at 834 (1964).
We recognize that evidence of an offer by the defendant to pay medical bills is ordinarily not admissible to prove liability. See McIntire v. Winn-Dixie Greenville, Inc., 275 S.C. 323, 270 S.E. (2d) 440 (1980); Crosby v. Southeast Zayre, Inc., 274 S.C. 519, 265 S.E. (2d) 517 (1980); 31A C.J.S. *92 Evidence § 291 at 743 (1964). We also recognize that an offer to compromise the controversy involved in a litigation is generally not admissible as an admission. Hunter v. Hyder, supra; Neal v. Clark, 199 S.C. 316, 19 S.E. (2d) 473 (1942); 31A C.J.S. Evidence § 285a at 722 (1964). Here, however, the statement attributed to Smith by Hall makes no mention of medical expenses and apparently was not made tentatively and hypothetically, in manifest contemplation of a compromise and with a view toward mutual concessions. See Id. § 285b at 728. We conclude, as the trial court did, that the statement was admissible. At worst, the admission of the statement was harmless.

II. Sufficiency of Evidence
Palmetto argues that the evidence is insufficient to support a finding that it was negligent and that its negligence was the proximate cause of Hall's injuries. It further maintains that the evidence is insufficient to support an award of future damages because no evidence was offered as to the length of time Hall's injured finger would cause him difficulty and because no mortality tables were introduced by Hall to show his life expectancy.
A jury's verdict will not be reversed on appeal unless the only reasonable inference that can be drawn from the evidence does not support the factual findings implicit in the verdict. Bell v. Harrington Mfg. Co., 265 S.C. 468, 219 S.E. (2d) 906 (1975); Moran v. Jones, 315 S.E. (2d) 136 (S.C. App., 1984). Here the verdict must be sustained because ample evidence in the record supports the finding that Palmetto was negligent and that its negligence was the proximate cause of Hall's injuries.
A defendant who requests another person to assist the defendant in the performance of a particular task owes the person "a duty to exercise ordinary care to avoid injuring him, including a duty to warn him of dangers not reasonably apparent to him." 57 Am. Jur. (2d) Negligence § 37 at 385 (1971). Hall's testimony, corroborated for the most part by Smith, indicated that after Smith asked him to help with the loading of the old pinball machine, Smith did not warn Hall about any danger associated with the lift, including those dangers not reasonably obvious.
*93 We are aware that a label near the lift's control mechanism counselled, "Caution  Keep Hands Out of Moving Parts." Whether or not the warning was sufficient to advise Hall of the particular danger was a question for the jury to determine. Gasque v. Heublein, Inc., 315 S.E. (2d) 556 (S.C. App. 1984); see 65A C.J.S. Negligence § 243(14) at 718 (1966); cf. Bootle v. Labrasca, Inc., 255 S.C. 134, 177 S.E. (2d) 544 (1970) (issue involving an alleged negligent failure to warn of a step-down between dining areas held for the jury).
As to the issue regarding the sufficiency of the evidence to support an award of future damages, a party need not prove future damages in a personal injury case to a mathematical certainty. Haltiwanger v. Barr, 258 S.C. 27, 186 S.E. (2d) 819 (1972). Quite often, a verdict involving future damages must be approximated. Id. In this instance, "it was obvious to [the] jury that the tip would not grow back" [Patania v. Silverstone, 3 Ariz. App. 424, 415 P. (2d) 139, 144 (1966)], and the jury could infer from that fact alone that Hall's injury is indeed permanent. See Annot., 18 A.L.R. (3d) 170 at 205 (1968). Evidence that Hall, who was 47 years old at the time of trial, suffered recurring pain in his finger and that he suffered the permanent loss of his fingertip is sufficient, in our view, to sustain an award involving future damages. See 25A C.J.S. Damages § 162(9) at 106-08 (1966); see also 22 Am. Jur. (2d) Damages § 354 at 459 (1965). And contrary to Palmetto's argument, the introduction by Hall of mortality tables was not "essential to the recovery of future damages for permanent injuries." 25A C.J.S. Damages § 162(9) at 109 (1966).

III. Amount of Verdict
Palmetto also contends that it is entitled to a new trial because the amount of the jury award evidences either caprice, passion, or prejudice.
While the jury's award of $5,625 is liberal, especially when measured against the medical bill of $68.50, we cannot say that the amount of the verdict warrants the inference that the verdict was the result of improper influences. Mere undue liberality on the part of the jury does not taint a verdict and force the conclusion that it was the result of either caprice, passion, or prejudice. Nelson v. Charleston & *94 Western Carolina Ry Co., 231 S.C. 351, 98 S.E. (2d) 798 (1951); Gasque v. Heublein, Inc., supra; Hutson v. Cummins, 314 S.E. (2d) 19 (S.C. App. 1984). Because the verdict of the jury in this instance bore a reasonable relationship to the character and extent of Hall's injuries and damages [see Baughman v. South Carolina Insurance Co., 249 S.C. 106, 152 S.E. (2d) 733 (1967)], its amount was not excessive and did not warrant the granting of a new trial.

IV. Argument to Jury
Palmetto claims that the argument to the jury by Hall's counsel that Smith's failure to bring along a helper to assist him with the loading of the old pinball machine prejudiced its rights and requires the granting of a new trial.
The record before us does not disclose that Palmetto timely objected to opposing counsel's argument and that it had a record made of the offending statements or language. According to the record on appeal, Palmetto did not complain about the argument until after the verdict was rendered and it made a motion for a new trial. Palmetto's objection comes too late since no prejudice was clearly demonstrated. South Carolina State Highway Department v. Nasim, 255 S.C. 406, 179 S.E. (2d) 211 (1971); Johnson v. Charleston and Western Carolina Railway Company, 234 S.C. 448, 108 S.E. (2d) 777 (1959).

V. Instructions to Jury
Palmetto also seeks a new trial based upon what it claims were erroneous jury instructions. One instruction concerned an illustration of negligence and the other related to the trial court's instruction concerning the duty of care Palmetto owed Hall.
We discern no prejudice in the illustration of negligence given by the trial court to the jury. It involved the driving of an automobile with no brakes and not the use of a lifting device connected to the back of a pick-up truck. In the absence of prejudice, an erroneous instruction does not justify a reversal and warrant a new trial. Fishburne v. Short, 268 S.C. 546, 235 S.E. (2d) 118 (1977); Guthke v. Morris, 242 S.C. 56, 129 S.E. (2d) 732 (1963).
Furthermore, the entire charge must be considered [Priest v. Scott, 266 S.C. 321, 223 S.E. (2d) 36 (1976)]; and when the *95 entire charge is considered no prejudice to Palmetto appears that would warrant a reversal of the verdict. The trial court properly defined the term "negligence" elsewhere in its charge. Although, as Palmetto contends, the illustration given by the trial court may have been erroneous, it did not tarnish the overall instruction so as to mislead the jury.
We likewise find no reversible error with respect to the charge concerning the duty Palmetto owed Hall if the jury determined that the "tommy" lift was a dangerous instrumentality. The record shows Palmetto objected to the charge upon the ground that there was no evidence that the lift was a dangerous instrumentality.
Instructions to the jury, of course, must be supported by the evidence. See Quality Concrete Products, Inc. v. Thomason, 253 S.C. 579, 172 S.E. (2d) 297 (1970). Here the evidence supported the charge on the issue of whether the lift was a dangerous instrumentality. Photographs of the lift admitted into evidence show that a caution sign was posted by the control knob and testimony indicated the dangerous nature of the lift and its operation. Also, we viewed the lift, which was in evidence, prior to oral argument and we concur with the trial court's conclusion that the lift could well be considered a dangerous instrumentality.
Palmetto complains further that the issue of the lift being a dangerous instrumentality was not raised by the pleadings and, therefore, it was error for the trial court to charge the jury in that regard. See Baker v. Weaver, 279 S.C. 479, 309 S.E. (2d) 770 (S.C. App. 1983). Because this objection was not raised in or passed upon by the trial court, it will not be considered by us. Mickle v. Blackmon, 252 S.C. 202, 166 S.E.(2d) 173, 42 A.L.R. (3d) 525 (1969), appeal after remand, 255 S.C. 136, 177 S.E. (2d) 548 (1970).
For the reasons stated, the judgment of the trial court is
Affirmed.
GARDNER and CURETON, JJ., concur.