## ROBINSON AND ALLEN v. HOWELL.

JURORS—CIRCUIT JUDGE.—It is mandatory of the trial Judge, on motion of either party to the suit, to ascertain if any of the jurors are related to either party.

Before BUCHANAN, J., Union, January term, 1902. Reversed.

Action by Robinson and Allen against Samuel Howell. From judgment for defendant, plaintiffs appeal.

*Mr. H. L. Scaife,* for appellants, cites: Code, 1902, 2950; 31 S. C., 256; 79 Ill. App., 90; 12 Ency. P. & P., 428, 477, 505.

*Mr. V. E. DePass,* contra.

May 25, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action on a money demand resulted in a verdict and judgment for the defendant. The

plaintiffs' appeal therefrom alleges error in failing and refusing to ascertain if any of the jurors were related to either party to the action by blood or marriage. When the jury were empanelled, the plaintiffs' attorneys requested the trial Judge to ascertain if any one of the jurors was related to the defendant or the plaintiffs. The "Case" states that the trial Judge refused, saying he would attend to that, but failed to ask if any of the jurors were related by blood or marriage to either party to the action. This was error. Section 2944, Code, 1902, provides as follows: "The Court shall, on motion of either party in suit, examine, on oath, any person who is called as a juror therein to know whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein, and the party objecting to the juror may introduce any other competent evidence in support of the objection. If it appear to the Court that the juror is not indifferent in the cause, he shall be placed aside as to the trial of that cause, and another shall be called." This statute is mandatory, and it was the duty of the Court, on motion of plaintiffs, to apply this statutory method of ascertaining whether any juror was related to either of the parties litigant.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.