20280

The STATE, Respondent, v. Daniel GIBBS, Appellant.

(228 S. E. (2d) 104)

*G. Dan Bowling, Esq.,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Richard P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Robert B. Wallace, Sol.,* of Charleston, *for Respondent,* 

September 8, 1976.

*Per Curiam:*

Appellant and a codefendant were indicted for armed robbery. Appellant was subsequently separately tried and convicted receiving a sentence of twenty-one (21) years imprisonment. He asserts that the trial judge erred (1) in refusing to ask prospective jurors certain *voir dire* questions requested by appellant; (2) in admitting in evidence certain statements made by appellant following his arrest, (3) in allowing an in-court identification of appellant by the victim, (4) in refusing to grant a requested instruction that, if the jury "find that his (appellant's) actions were caused by force or threats of force from another person, and were not a result of his own free will, "he must be found not guilty; and (5) in his conduct during the course of the

trial. We consider oral argument of the issues unnecessary and, since we find no error, the judgment is affirmed.

Appellant requested that the trial judge propound to the jurors twenty-one (21) questions. These were refused but the court made general inquiries to determine whether bias or prejudice existed and whether the jurors could give a fair and impartial trial. The first assertion of error concerns the refusal of the trial judge to propound the requested *voir dire* questions and, mainly, the refusal to ask the jurors about possible racial prejudice.

Appellant concedes the well settled principle that the nature and extent of any *voir dire* examination of the jury rests largely within the discretion of the trial judge.

There was no abuse of discretion in the refusal to inquire about racial prejudice. The fact that the appellant was black and the victim white was in no way involved in any issue in the trial and the trial judge properly refused to inject the question of racial prejudice through questions submitted by appellant. *Ristaino v. Ross,* 424 U. S. 589, 96 S. Ct. 1017, 47 L. Ed. (2d) 258.

The contention that error was committed in the admission into evidence of certain statements of appellant is also without merit. The State did not rely upon the statements of appellant but they were first brought out in direct examination of him by his counsel. If there was any prejudice to appellant, it resulted from his own action in first tendering the issue. He is therefore in no position to assert error.

Neither was there error in permitting the prosecuting witness to make an *in-court* identification of appellant. Shortly after the crime, the prosecuting witness made tentative identification of the robbers from a group of pictures presented to her by the officers. The pictures were subsequently lost and could not be presented at the trial.

Appellant contends that since the pictures were lost and unavailable, it was impossible for the court to make a determination as to whether the out-of-court identification by the prosecuting witness tainted the in-court identification. The fact that the pictures were not available for view by the court did not render it impossible for the court to determine whether the in-court identification was impermissibly influenced by the prior view of the photographs.

The prosecuting witness made a positive in-court identification of defendant from her observation of him at the scene. The facts and circumstances surrounding the view of the pictures were explained by the prosecuting witness and the officer and amply sustain the court's determination that the in-court identification was not impermissibly influenced by the prior photographic identification.

In any event, appellant was not prejudiced. He admitted his presence at the scene of the crime in company with his codefendant. He only denied actual participation in the robbery.

Appellant also alleges that the trial court erred in refusing to specifically instruct the jury that appellant would not be guilty if he participated in the crime through duress or coercion. There was no error in such refusal. Appellant at no time testified or contended that he was coerced into committing the crime. Although admittedly present of his own volition, he denied knowledge of or participation in the crime, only contending that as they left, with him driving, his codefendant pointed a gun at him with the demand that he drive into the highway ahead of a truck. The facts simply did not support the requested charge.

The final question relating to alleged improper conduct of the trial judge has no factual basis upon which to predicate error.

The judgment is accordingly affirmed.