24189

The STATE, Respondent v. Charles T. CASON, Jr., Appellant.

(454 S.E. (2d) 888)

Supreme Court

*Daniel T. Stacey, Chief Atty.*, of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., Donald J. Zelenka, Chief Deputy Atty. Gen., Harold M. Coombs, Jr., Sr. Asst. Atty. Gen., Miller W. Shealy, Jr., Asst. Atty. Gen.,* and *Richard A. Harpootlian, Fifth Judicial Circuit Solicitor,* Columbia, *for respondent.*

Heard Oct. 5, 1994.

Decided Jan. 30, 1995.

TOAL, Justice:

Charles Cason, Jr. was convicted of murder and sentenced to life in prison. We affirm.

### FACTS

On January 10, 1992, the badly decomposed body of Delores Jackson, a black female, was found in a wooded area near Hunt Club Road in Richland County. The pathologist determined death was caused by a blow to the head from a blunt instrument.

After the media publicized the discovery of the body, several witnesses reported to the authorities the defendant admitted killing a black woman in October of the previous year. Cason was tried for the murder Delores Jackson August 31, 1992. The trial resulted in a hung jury. On September 21, 1992, Cason was again tried for murder. The second jury returned a verdict of guilty.

Prior to trial, defense counsel requested a specific voir dire to ascertain racial prejudice or bias on the part of the jury. Defense counsel requested the specific voir dire because two prosecution witnesses were to testify the defendant said he "killed a fucking nigger bitch." The State objected to the voir dire question and the trial judge refused defense counsel's request. Rather, the trial judge asked a general question as to bias or prejudice. On appeal, Cason asserts that the trial judge's general question as to bias or prejudice was insufficient. We disagree.

## LAW/ANALYSIS

S.C. Code Ann. § 14-7-1020 (Supp. 1993) provides in pertinent part as follows:

> The court *shall*, on motion of either party in the suit, examine on oath any person who is called as a juror therein to know whether he is related to either party, has any interest in the case, has expressed or formed any opinion or is *sensible of any bias or prejudice therein.* . . . If it appears to the court that the juror is not indifferent in the cause, he shall be placed aside as to the trial of that cause and another shall be called. [Emphasis added.]

The requirements of section 14-7-1020 are mandatory. *Robinson & Allen v. Howell*, 66 S.C. 326, 44 S.E. 931 (1903). A specific voir dire question designed to reveal racial prejudices on the part of the juror is required only when there exists "special circumstance." *See Ham v. South Carolina*, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed. (2d) 46 (1973). Absent special circumstances, the requirement of "bias or prejudice" is met through a general voir dire as to bias and prejudice. *See State v. Gibbs*, 267 S.C. 365, 228 S.E. (2d) 104 (1976).

A special circumstance exists when race is an integral part of the case. *See Id.* A special circumstance of constitutional proportion does not exist, however, when the only racial fact in the case is that the defendant and victim are of different races. *Ristaino v. Ross*, 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed. (2d) 258 (1976); *State v. Gibbs*, 267 S.C. 365, 228 S.E. (2d) 104 (1976). To rise to constitutional proportion, something beyond a difference in defendant's and victim's race is required. *See e.g., Turner v. Murray*, 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed. (2d) 27 (1986) (death penalty is special circumstance); *Ham v. South Carolina*, 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed. (2d) 46 (1976) (special circumstance existed when defendant claimed police framed him because of his civil right activities); *Jordan v. Lippman*, 763 F. (2d) 1265 (11th Cir. 1985) (special circumstances existed when defendant accused of killing prison guard during race riot).

The trial judge recognized that race was involved in this case. However, it is only when there is "a constitutionally significant likelihood that, absent questioning about racial prejudice, the jurors would not be 'indifferent as

[they stand] unsworne' " that a special circumstance exists which requires a specific voir dire into racial prejudices. *Ristaino v. Ross*, 424 U.S. 589, 596, 96 S.Ct. 1017, 1021, 47 L.Ed. (2d) 258 (1976).

The facts in this case simply do not elevate race as an ■ issue to the level of *Ham, supra,* or *Jordan, supra.* "Ham's defense was that he had been framed because of his civil rights activities." *Ristaino,* 424 U.S. at 596, 96 S.Ct. at 1021, 47 L.Ed. (2d) 258. Ham's defense also provided an explanation for the motivation of the authorities to prosecute him. Under those facts, race was "inextricably bound up with the conduct of the trial." *Id.* Likewise, in *Jordan, supra,* race was the motive for the crime. Jordan was accused of killing a prison guard during a race riot at the Reidsville, Georgia prison. Here, the only facts interjecting race into this case are two witnesses' testimony quoting the defendant's offensive words and the prosecutor's argument to the jury that the defendant's epithet was evidence of malice sufficient to sustain a verdict on the charge of murder.

Unlike *Ham* or *Jordan,* the defendant's racial epithet was not evidence that race was a motive for the crime, defense, or motivation to prosecute. There is no evidence in the record that the defendant's motive for killing the victim was her race. The record shows that the defendant had been drinking and he was angry because his sister-in-law failed to pick him up at work as promised. The victim jeered at the defendant on the bus ride home and during their walk down Decker Boulevard towards their respective homes. Finally, the defendant had in his possession personal effects of the victim, suggesting robbery. The only suggestion in the record was that the defendant's statement was simply his crude description of the victim. The prosecution used the defendant's pejorative words to show his state of mind and not to show that race was motive for the crime.

Under these facts, we do not believe there was a "reasonable possibility that racial or ethnic prejudice would affect the jury." *Rosales-Lopez v. United States,* 451 U.S. 182, 194, 101 S.Ct. 1629, 1637, 68 L.Ed. (2d) 22 (1981). While the statement was offensive, we do not find that it "inextricably" injected race into the trial such that a specific voir dire as to racial bias was constitutionally mandated. Accordingly, the trial judge

was not required to specifically voir dire prospective jurors as to racial prejudices.

Affirmed.

CHANDLER, C.J., and FINNEY, MOORE and WALLER, J.J., concur.